```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
JAMES G. MARSHALL,                 )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 25-036 WES
                                   )
GRODEN CENTER, INC.,               )
                                   )
          Defendant.               )
_____)

## ORDER

WILLIAM E. SMITH, Senior District Judge.

Plaintiff James G. Marshall brings this employment discrimination action under federal and state law against Defendant Groden Center, Inc. ("Groden"). Compl. 1, ECF No. 1. Groden now moves to dismiss Count IV - Marshall's Rhode Island Fair Employment Practices Act ("FEPA") claim - for failure to exhaust state administrative remedies. Groden's Partial Mot. Dismiss Count IV ("Groden's Mot.") 1, ECF No. 7.

Although Groden first filed its Motion under Federal Rule of Civil Procedure 12(b)(1), it later seemed to recognize that its argument is better taken under Rule 12(b)(6). See Groden's Reply Mem. Supp. Groden's Mot. 1 n.1 & 4, ECF No. 10 (asking the Court to consider its Motion under Rule 12(b)(6)). Thus, the Court will treat Groden's Motion as one to dismiss for failure to state a claim. See Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino,

410 F.3d 41, 46 n.6 (1st Cir. 2005) (treating a similar motion to dismiss filed under Rule 12(b)(1) as a motion under Rule 12(b)(6)). As such, the Court may grant Groden's Motion only if Marshall's Complaint fails to allege factual content, accepted as true, adequate to show that Marshall's claim to relief in Count IV is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Concerning his exhaustion of administrative remedies, Marshall alleges that he timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); that the EEOC issued him a right-to-sue letter; and that he timely filed this lawsuit. Compl. 2. Marshall does not allege to have separately filed Charges of Discrimination with the Rhode Island Commission for Human Rights ("RICHR"). But he argues that he need not have separately filed charges with RICHR, because "[t]he EEOC and RICHR have . . . a worksharing agreement" eliminating the need for separate filing with each agency. Marshall's Mem. Opp'n Groden's Mot. 4, ECF No. 9-1. He may be correct on this point. See EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996) (recognizing that "worksharing agreements can permit state proceedings to be automatically initiated when the EEOC receives the charge").[1] Yet

---

[1] The Court cannot confirm Marshall's assertion that "[t]he EEOC and RICHR have such a worksharing agreement" because Marshall does not cite to any valid and current worksharing agreement. See

2

even if the EEOC and RICHR have a valid and current worksharing agreement, such an agreement only means that the filing of a charge with one agency can (from a complainant's perspective) automatically initiate processing in both the state and federal agency. See Fair Employment Practices Agencies (FEPAs) and Dual Filing, EEOC (Apr. 24, 2025, 9:40 AM), https://www.eeoc.gov/fair-employment-practices-agencies-fepas-and-dual-filing.

Irrespective of the filing requirement, Marshall's flaw is that he fails to allege that RICHR issued him a right-to-sue letter: the statutory starting point for any FEPA-based civil action. See R.I. Gen. Laws § 28-5-24.1(c)(2); Nugent v. State Pub. Def.'s Off., 184 A.3d 703, 710 n.4 (R.I. 2018) (Robinson, J., dissenting) ("[T]he issuance of such a letter [is] a condition precedent to the commencement of a [FEPA lawsuit]."); Mokwenyei v. R.I. Hosp., 198 A.3d 17, 19, 21 (R.I. 2018) (noting that the right-to-sue letter is "required" by statute). The receipt of such a letter is a separate and distinct requirement from the timely filing of charges with the appropriate agency. Compare R.I. Gen. Laws § 28-5-17, with id. § 28-5-24.1. And although Marshall has a right-to-sue letter from the EEOC, the right-to-sue under Title VII is fundamentally different from the right-to-sue under FEPA. See Groden's Reply 2-3 (collecting cases); see also Marshall's

---

Pl.'s Mem. Opp'n Def. Groden Center Inc.'s Mot. Dismiss Count IV Pursuant R. 12(b)(1), at 4, ECF No. 9-1.

Opp'n Groden's Mot. Ex. A, at 2, 4, ECF No. 9-2 (granting Marshall right-to-sue only "under federal law"). Because Marshall does not allege to have obtained a right-to-sue letter from RICHR on a charge under FEPA, Marshall fails to state a claim to relief in Count IV that is "plausible on its face." See Twombly, 550 U.S. at 570.

    For this reason, the Court GRANTS Groden's Partial Motion to Dismiss Count IV, ECF No. 7.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Senior District Judge
Date: April 24, 2025

4